THE STATE vs. BRILEY.

1. Where the act of eighteen hundred and seven (Aik. Dig. 102,) speaks of disabling a limb or member, a permanent injury is contemplated, such as at common law would constitute *mayhem:* a temporary disabling of a finger, an arm, or an eye, is not sufficient to constitute the statutory offence.

2. Precision of description is unnecessary in an indictment: all that the law requires, is a description of the offence in the words of the statute creating it,—except where technical language is used.

3. Where an indictment charges an offender against a statute, with doing the unlawful act, with malice aforethought, and contains proper allegations of time and place, with a formal commencement and conclusion—it is sufficient.

4. After a conviction on one count of an indictment, a motion in arrest of judgment, cannot prevail.

Error to the Circuit court of Covington.

Indictment for *mayhem,* tried before *Crenshaw,* J.

The indictment contained three counts—the first of which charged as follows : that defendant, " with force and arms, in and upon one P J, did make an assault, and upon the left arm of him the said P J, with a certain stick, which he the said defendant then and there had and held in both his hands, did strike and break, and did on purpose and of malice aforethought, unlawfully disable the said left arm of him said P J, with intent him the said P J, then and there to maim, contrary to the form of the statute," &c. A demurrer was filed to the indictment, which was overruled, and upon a plea of " not guilty," the defendant was convicted, and the

The State *vs.* Briley.

sufficiency of the indictment was reserved by the court below for review.

It was assigned for error, that the indictment was insufficient to sustain the conviction, and that the.demurrer thereto should have been sustained.

*Cook*, for the plaintiff in error.

*Attorney General*, contra.

The *Attorney General* contended that the declaration was sufficient. As to sufficiency of first count—(See State vs. Absence, 4 Porter.)

Joinder of distinct offences no ground of demurrer or arrest of judgment—(1 Chitty's C. L. 175; Arch. 612; Hale, 173.) Court may, in such case, however, quash, or compel prosecutor to elect—(Arch. 61; 2 Camp. 132.)

Good and bad counts and general verdict—one good count sufficient—(State vs. Coleman, 5 Porter; 3 Murphy's N. C. Rep. 12.)

The jury, in this case, expressly found on the first count, which brings the sufficiency of that count only under review.

GOLDTHWAITE, J.—The only point reserved for the determination of this court, is, whether the indictment is sufficient to warrant the conviction; the jury having, by their verdict, found the defendant guilty of *mayhem*.

The second and third counts of the indictment, may be entirely discarded from consideration, as it is certain, neither charge that offence—the former being for an as-

sault, and disabling the arm of the individual injured, and the latter for an assault only.

To ascertain if the first count is sufficient, it is proper to notice the terms of the statute under which it seems to have been framed. The act of eighteen hundred and seven (Aik. Dig. 102) enacts, "if any person or persons, on purpose and of malice aforethought, shall unlawfully cut or bite off the ear or ears: or cut out or disable the tongue: put out an eye, while fighting or otherwise: slit the nose or lip: cut or bite off the nose or lip: or cut off or disable any limb or member of any person whatsoever; such person shall be deemed guilty of mayhem."

It is evident, that wherever the statute speaks of disabling a limb or member, a permanent injury is contemplated, as such was the common law notion of the extent of the injury necessary to constitute a mayhem. A temporary disabling of a finger, an arm, or an eye, would not be sufficient to constitute the statutory offence. But it would at all times be exceedingly difficult to frame an indictment, with a view to a specific description of the exact injury sustained. This precision of description is as unnecessary, as it is dangerous, in indictments on statutes, and all that the law requires, is a description of the offence, in the words of the statute creating it—(Arch. Crim. Law, 52.) The only exception that is known to exist to this general rule, is where a statute makes use of a technical term known to the law; as burglary, robbery, &c.—(State vs. Absence, 4 Porter, 397.)

Having regard to this general rule, it would seem only to be necessary, that the indictment should charge an

The State *vs.* Briley.

offender against this statute, with doing on purpose and of malice aforethought, unlawfully, the act complained of. This, with the proper allegations of time and place, with a formal commencement and conclusion, would constitute a sufficient indictment. If we examine the first count, we ascertain that all these allegations are found there, connected with other matters, which, if superfluous, are neither repugnant nor inconsistent with the charge. The statement of the assault and battery with the stick, and breaking the arm, are, indeed, but a history of the violence, which could have been omitted. The superadding the intention to maim, is, when examined, nothing more than a reiteration of the idea previously conveyed to the mind, by the words 'on purpose, and of malice aforethought:' the indictment is, therefore, sufficient to warrant the conviction.

If we were permitted to examine the point, as to misjoinder of the counts, it would avail the defendant nothing, as it is clear, that after conviction on one count alone of the indictment, a motion in arrest of judgment could not prevail.

Let it be certified, that there is no error in the judgment rendered.