## THE STATE *v.* GOVEY HOOD.

In a criminal proceeding, the State has a right to appeal from a judgment of the district court quashing an indictment; but where the accused has been put upon his trial and acquitted by a jury, he cannot be again tried for the same offence.

Where an offence is charged under a statute, it is best that the language of the statute should be followed in the indictment; but if the description of the offence given in the indictment complies substantially with the statute it is sufficient.

APPEAL from the District Court of Carroll, *Richardson*, J. *Isaac Johnson*, Attorney General, for the State. *Lewis Selby*, for defendant. The judgment of the court was pronounced by

STATE ·
v.
HOOD.

PRESTON, J. The 4th section of an act approved the 7th of February, 1829, enacts that " Whoever shall, with a dangerous weapon or with intent to kill, make an assault upon another person, in the peace of the State then being, shall on due conviction thereof be imprisoned, &c." An indictment under this statute was filed against the defendant, which was quashed upon the motion of his counsel, and the State has appealed.

In the case of *The State* v. *Jones*, the late Court of Errors and Appeals · in criminal cases maintained an appeal on behalf of the State from an order of the district court quashing an indictment, and reversed the decision of the district court. For the powerful reasons given by the court in that case, we consider the State entitled to an appeal in the present case. The dismissal of the appeal in the case of *Hough et al.* was based entirely upon the ground that the defendants had been put upon their trial and acquitted by a jury, and could not be twice put in jeopardy for the same offence. This ground does not exist in the case before us.

The motion to quash the indictment was made on the grounds that it contained no crime legally charged against the defendant, and was otherwise defective. In the brief filed it is stated, that the finding of the grand jury was not made upon oath ; but the record shows that they were duly sworn, and upon their oaths presented the indictment. It is next stated, that there is not sufficient accuracy in charging that the alleged crime had been committed in the parish of Carroll, and tenth district ; but we find it expressly stated that the act was done in the parish of Carroll, and within the jurisdiction of the Tenth Judicial District Court of the State of Louisiana. The last and principal ground urged for quashing the indictment is, that it charges an assault *and* an attempt to shoot with a dangerous weapon with intent to kill, while the language of the statute is, " whoever shall, with a dangerous weapon *or* with intent to kill, make an assault upon another person, in the peace of the State then being."

It is true, the language of the statute is not followed, and in this as in all cases where it is not done, serious difficulty is unnecessarily created. The indictment should have · charged that the accused, with a dangerous weapon called a pistol, charged with gunpowder, &c., made an assault. The assault charged is not necessarily the assault with the dangerous weapon, or with the intent to kill required by the statute. But the indictment charges, that the defendant did attempt to discharge and shoot off the pistol to and upon *William McCraw* with intent to kill him. The attempt *to* shoot him with a pistol with intent to kill was in itself an assault with a dangerous weapon. So that the assault with a dangerous weapon prohibited by the statute is charged, by the fact charged in the indictment, though not in the words of the statute. The indictment is, therefore, substantially good, and should not have been quashed. It is stated that there are other defects in the indictment, but our attention has not been specially directed to them.

· It is therefore decreed, that the order of the district court quashing the indictment in· this case be rescinded, and the case remanded for further proceedings according to law ; and that the appellee pay the costs of the appeal.