## THE STATE *v.* McCLANAHAN.

A party applying for a new trial cannot prove by witnesses the charge of the Judge to the jury.  Objections to the charge of the Judge should be made before the jury retire.

It is sufficient if the indictment, in charging the offence, states all the facts and circumstances comprised in the definition of the offence as given in the statute, so as to bring the defendant clearly within its provisions.

APPEAL from the District Court, of the Parish of Caddo, *Spofford,* J.
      *I. E. Morse,* Attorney General, for the State.   *Land & Harper* and *Helm,* for defendant and appellant.

CAMPBELL, J.   The defendant was indicted under the 23d Sec. of the Act of May 4, 1805, for unlawfully, on purpose and of his malice aforethought, disabling the hand of *Andrew Hart,* with the intent in so doing, of disabling the said *Hart.*

The defendant was found guilty and sentenced to imprisonment at hard labor for two years.

From this sentence, after ineffectual attempts to obtain a new trial and to arrest the judgment, this appeal has been taken.

The application for a new trial is based on what is alleged to have been an improper charge of the Judge to the jury.   On the trial of the motion, the accused offered witnesses to prove the charge of the Judge.   Their testimony was rejected ; and to this defendant excepted.   This testimony was properly excluded.   No instructions appear to have been asked, nor objections urged, nor reservations made, nor bill of exceptions taken or tendered to the charge of the Judge, before the jury retired.

If not satisfied with the charge, objections should have been urged before the jury retired, to enable the Court to correct any erroneous instructions which it may have given.   This not having been done, the alleged error cannot be examined.

*Buel* v. *Steamer New York,* 17, La. 541.   To trust the charge of the Court to the doubtful and fallible memory of the by-standers, would be improper and a dangerous innovation.

It is urged in arrest of judgment, that the indictment is defective, it not containing a certain description of the offence, the instrument or means used in disabling the hand not being stated, nor the injury done, set forth with sufficient particularity.   In other words, that there is no statement of the weapon used or description of the wound inflicted.

It is contended by the counsel of the prisoner that the offence charged is the common law offence, of mayhem, and that, in obedience to the general rule of criminal law, which requires that the special manner of the whole fact should be set forth with certainty, the indictment would have contained a certain statement of the instrument or means used and the nature of the injury, and this, not as a matter of mere form, but of strict law.

If the indictment were for mayhem, as known to the common law, the principle invoked would be applicable, and require the arrest of judgment.   This, however, is not the case.   The statute on which the indictment is formed is in the following words : "If any person or persons, on purpose and of malice aforethought, shall unlawfully cut or bite off the ear or ears, or cut out or disable

the tongue, put out an eye, while fighting or otherwise, slit the nose or a lip cut or bite off the nose or lip, or cut off or disable any limb or member of any person, with intention in so doing, to maim, disable or disfigure," &c. This statute creates distinct offences which it defines, most of them differing materially from the common law offence of mayhem. To disfigure, is made as penal as to disable; and against the injury to a part of the body not necessary to one's defence, is denounced the same penalties as are inflicted for disabling a member necessary for his defence in fighting.

If the statute had adopted the common law offence, by affixing a penalty to mayhem, without otherwise defining the crime, all the common law requirements should be followed in the indictment. State v. Abrence, 4 Port., 397; State v. Slidman, 7 Port., 495. Thus the statute of 1805 affixes the punishment of death to wilful murder, without attempting to define the crime, and here, no doubt, a description of the manner in which the party came to his death, the means, the weapon used, if any, the description of the wound would be essential; but in an indictment under a statute, it is sufficient if the indictment, in charging the offence, follows the statute; that is, that it states all the facts and circustances comprised in the definition of the effence as given in the statute, so as to bring the defendant clearly within its provisions.

The general rule is, (and this, whether the indictment be under the common law, or for an offence created by statute,) that the special manner of the whole fact ought to be set forth, with such certainty and so specifically, that it may judicially appear to the Court that the indictors have gone on sufficient premises, to enable the Court to know what judgment is to be pronounced on conviction ; that the defendant may clearly understand the charge he is called upon to answer, and that posterity may know what law is to be derived from the record. 2 Hale, 183, 184; Hawk. b. 2, c. 25, s, 87; Lambert v. The People, 9 Cow., 578.

If the circumstances are constituent parts of the offence, they must be set out; but where the crime exists without them, this is not necessary ; though from the precedents, it would seem to be the usual practice of the pleaders. Camp., 683. For example : It was held in the case of the State v. Dent, 3 Gill & John., 8, that in an indictment for an assault with intent to murder, it is not necessary to state the instrument or means made use of by the assailant to effect the murderous intent; that the means of effecting the criminal intent, or the circumstances indicating the design with which the act was done, are matters of evidence to the jury to demonstrate the intent, and not necessary to be incorporated in the indictment.

In the case of the State v. Briley, 8 Port., 473, which was an indictment under the Alabama statute for an assault and disabling the arm of the party injured; Goldthwarte, J., says: "The statement of the assault and battery with the stick and breaking the arm" (the weapon and means used and the character of the injury) "are but a history of the violence, which could have been omitted." It would, says the same Judge, at all times, be exceedingly difficult to frame an indictment with a view to a specific description of the exact injury sustained. This precision of description is as unnecessary as it is dangerous in the indictments on statutes ; and all that the law requires is a description of the offence in the words of the statute creating it. Arch. C. L., 52.

Under our statute, the offence is complete if a person on purpose and of malice aforethought, unlawfully disables any member of another person, with

intent to disable him. It is immaterial by what means, or with what instrument, the injury is effected, or the nature of the wound. If it in effect disables, it is sufficient. The weapon used, etc., may aid at arriving at the intent, but, as has been seen, this need not be alleged. *People* v. *Bush.* 4 Hill's (N. Y.) 133.

The essentials of the offence, as defined in the statute, are set forth in the indictment fully and with precision. We therefore concur in the order of the District Judge, refusing a new trial and overruling the motion in arrest, and decree that the judgment appealed from be affirmed, with costs.