## No. 694.

### The State vs. Jake Thomas.

29   601
48  1541
29    601
125   311

An indictment charging an act, with intent to commit murder, which does not aver that the act was " willfully and feloniously " done, is fatal.

APPEAL from the Fifth Judicial District Court, parish of East Feliciana. *McVea*, J. Trial by jury.

*W. N. Potts*, District Attorney, for the State.

*W. F. Kernan*, for defendant.

The opinion of the court was delivered by

Egan, J. The defendant was indicted, tried, found guilty, and sentenced to three years imprisonment at hard labor in the penitentiary. After an ineffectual motion in arrest of judgment, he has appealed. The charge, as stated in the indictment, is that he did, with force and arms, " *shoot* one George Washington *with a dangerous weapon*, namely, a shotgun, *with intent to commit murder*, and to murder aforesaid George Washington, contrary to the form of the statute," etc. The ground set

forth in the motion in arrest and the error assigned is that the indictment does not charge that the accused did the acts charged "feloniously, willfully, and with his malice aforethought." At common law this indictment would be bad, and Wharton's American Criminal Law, section 399, lays it down that the use of the word "feloniously" is essential to all indictments for felony, whether common law or statutory. Again, section 372 of the same author says that where a statute refers to a common-law offense by its popular name, and proceeds to impose a penalty on its commission, it is, of course, insufficient to charge the defendant with the commission of the offense in the statutory terms alone, while under the Virginia statute against attempts to commit offenses, the same authority says it is not enough to say "the defendant attempted to maim;" the particulars of the attempt must be set forth. In same section, ¿293 says "the weight of authority now clearly is that an indictment for attempting to commit an offense must show on its face facts which would make an attempt in point of law, or at least should so individualize the offense as to secure the offender from a second conviction." While it is true that even at common law it was not necessary to charge an *attempt* to commit a crime or offense with the same particularity and minuteness as the *commission* of the crime or offense, it was always held necessary in such an indictment as that under consideration, at least whenever done "with felonious intent," and, indeed, it would seem with "malice aforethought." Archbold's Criminal Pleadings, p. 62, side paging 50; same, p. 531, side paging 447; see, also, same, p. 422 and 423, and Chitty's Criminal Law, vol. 3, p. 828. It is, however, claimed that as the law now stands in Louisiana such allegations in an indictment, even for murder itself, are unnecessary, since the statute of 1855 and Revised Statutes of 1870, and the cases of the State vs. Phelps and Brown, 24 An. 494, and State vs. Toney Forney, 24 An. 191, are relied upon in support of this view. Of the former of these cases, it might be sufficient to remark that the indictment which was held good charged expressly that the defendants " *did willfully, maliciously, and feloniously* kill, slay, and murder," and that Howell, Justice, dissenting, adhered to the doctrine announced in the State vs. Heas, 10 An. 195, which, as well as the uniform current of previous decisions, held as essential in an indictment for murder the words "with malice aforethought" as not being an "unnecessary prolixity" in the meaning of the statute. See, to similar effect, Territory vs. Nugent, 1 M. 117 and 175, and State vs. Kennedy, 8 R. 602; 9 An. 211; State vs. Stiles, 5 An.; to the effect that whatever has been determined to be essential averment in an indictment at common law will be deemed necessary here, "and that the power to remedy the evil lies in the legislative branch of the government."

In the cases of the State vs. Cook, 20 An. 145, and State vs. Durbin, 20 An. 408 (both for robbery) the court held that the statute of 1855 was not intended to make a radical change in the system of criminal pleadings, but to simplify it and correct some supposed deficiencies, and that the essential, substantial averments in a bill of indictment required by the common law are not dispensed with by the act of 1855, and that the omission of the term "feloniously" in the indictment was held to be fatal.

It is singular that the court altogether overlook, in the State vs. Phelps and Brown, 24 An. 494, the important fact that section 1048 of the Revised Statutes of 1870 provides that "it shall be sufficient in an indictment for murder to charge that the defendant 'did *feloniously, willfully, and of his malice aforethought*, kill and murder the deceased," and in every indictment for manslaughter to charge that the defendant "did *feloniously kill and slay the deceased.*" These provisions are precisely those of the act of 1855, and clearly indicate that it was not the legislative intention to dispense with them, which, as was well said by Judge Ilsley, the organ of the court in State vs. Cook, are precisely the important facts charged in the indictment according to the English form (quoting Archbold's Crim. Plead., 314).

It is hardly necessary to add that by the act of 1805, of 1855, and the Revised Statutes of 1870, it was provided that all crimes, offenses, and misdemeanors shall be taken, intended, and construed according to the common law, and that the forms of indictments (divested of unnecessary prolixity) the method of trial, rules of evidence, and all other proceedings in the prosecution of crimes, offenses, and misdemeanors ('changing what ought to be changed') shall be according to the common law, unless otherwise provided."

The cases cited in this opinion, and those referred to in them, give judicial interpretation to the words "unnecessary prolixity" and "changing what ought to be changed" under the statute. The essential averments of a good indictment at common law are not classed under either head. The case of the State vs. Toney Forney, 24 An. 191, was an indictment "for shooting with intent to kill and murder while lying in wait," and charged the act to have been done "*willfully, feloniously, and maliciously.*" The extent of the ruling of the court was that the offense was sufficiently charged in that language under the statute, without the use of the words, "with malice aforethought." None of the words "*willfully, feloniously,* or *maliciously,*" found in that indictment, appear in the indictment in the present case, which does not, therefore, come within the authority of that case, even admitting it to be consistent with the former rulings of this court. Whether, therefore, it was essential to use in that

State vs. Thomas.

indictment the words " with malice aforethought " or not, we are of opinion that the omission of the words " willfully and feloniously " is fatal.

It is therefore ordered, adjudged, and decreed that the judgment be arrested, that the verdict and sentence appealed from be annulled, avoided, and reversed, the indictment quashed, and that the defendant remain in custody to await the finding of a new bill of indictment by another grand jury of the parish of East Feliciana.