(51 South. 215.)

No. 17,745.

STATE v. NOEL.

(Jan. 17, 1910.)

*(Syllabus by Editorial Staff.)*

1. INDICTMENT AND INFORMATION (§ 91*)—INFORMATION—NECESSITY FOR ALLEGING FELONIOUS TAKING.

An information for the common-law offense of larceny, alleging that defendant "did steal" and carry away the property described, without the use of the word "feloniously," is insufficient.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 261–265; Dec. Dig. § 91.*]

2. CRIMINAL LAW (§ 1134*)—APPEAL—CONVICTION ON DEFECTIVE INFORMATION.

A conviction on a defective information cannot be sustained, on the ground that the demurrer thereto was interposed without the plea to the merits being first withdrawn by leave of court, where the court entertained the demurrer and overruled it.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1134.*]

3. LARCENY (§ 70*)—TRIAL—INSTRUCTIONS.

In a prosecution for larceny, defendant is entitled to an instruction that "it is necessary, in order to convict accused, that the state show the property was stolen, and that it was stolen by accused."

[Ed. Note.—For other cases, see Larceny, Cent. Dig. §§ 182–186; Dec. Dig. § 70.*]

Appeal from Twenty-Ninth Judicial District Court, Parish of Plaquemines; R. Emmet Hingle, Judge.

Polite Noel was convicted of larceny, and he appeals. Reversed and remanded.

O. S. Livaudais, for appellant. Walter Guion, Atty. Gen., N. H. Nunez, Dist. Atty., and Fred. A. Ahrens, Dist. Atty. pro tem. (R. G. Pleasant, of counsel), for the State.

PROVOSTY, J. The information against the defendant reads:

"Did steal and carry away a number of hides, 13 mink and 5 coon hides, the property of Leopold Bayhi, which said hides were valued at twenty-seven and $50/100$ dollars, contrary," etc.

Defendant pleaded not guilty, and his case was fixed for trial. On the day of trial he filed a demurrer, based on the fact that the word "feloniously" was absent from the information. That this word, or the full equivalent of it, is essential in an indictment for larceny, is so well established that citation of authority on that point can hardly be necessary. See, however, Wharton, Crim. Law (9th Ed.) p. 803, par. 977; Wharton, Crim. Law (7th Ed.) p. 311, par. 402. That a common-law offense must be charged according to common-law forms, see State v. Flint, 33 La. Ann. 1288; State v. Green, 36 La. Ann. 100; State v. Philbin, 38 La. Ann. 966; State v. Mosely, 42 La. Ann. 977, 8 South. 470; State v. Porter, 48 La. Ann. 1540, 21 South. 125; State v. Johnson, 51 La. Ann. 1649, 26

South. 437; State v. Leo, 108 La. 505, 32 South. 447; State v. Hauser, 112 La. 346, 36 South. 396; State v. Thomas, 29 La. Ann. 601; State v. Curtis, 30 La. Ann. 814; State v. Cook, 20 La. Ann. 145; State v. Durbin, 20 La. Ann. 408; State v. Kennedy, 8 Rob. 590, etc.

It is contended in behalf of the state that the word "steal" imports a felonious taking, so that the addition of the word "felonious" is superfluous. All we can say is that the well-settled rule at common law is to the contrary, and that this court is required by statute to be governed by the common law as it existed in 1805 in matters of criminal procedure. Besides, if it sufficed in an indictment for larceny to charge merely that the defendant "did steal" the property, it would for the same reason suffice in an indictment for murder to charge simply that the defendant "did murder" the deceased, and in an indictment for forgery that he "did forge," etc.

It is also said in behalf of the state that a demurrer comes too late after plea to the merits, unless the plea to the merits is first withdrawn by permission of the court. Perhaps the court might have refused to entertain the demurrer unless the plea to the merits was first withdrawn; but the lower court did entertain the demurrer, and it is now too late in the day to be considering what would have been the legal situation if the lower court had refused to entertain the plea as coming too late.

We think that the defendant was entitled to the following special charge, or its equivalent:

"It is necessary, in order to convict the accused, that the state show that Mr. Bayhi's hides were stolen, and that they were stolen by the accused."

Whether the defendant was entitled to the other requested charge included in the same bill would depend upon what were the circumstances of the case, and the bill does not inform us what they were.

The judgment appealed from is set aside, and the case is remanded, to be proceeded with according to law.