(68 South. 608)

No. 21238.

STATE v. SCHWARTZ.

(May 10, 1915.)

*(Syllabus by the Court.)*

1. INDICTMENT AND INFORMATION ☞110 — SUFFICIENCY—DESCRIPTION OF OFFENSE.

It is sufficient that an indictment follow the words of a statute or use language of equivalent import, when those words describe the act constituting the offense with such precision as fully to inform the defendant of the nature of the charge against which he is to prepare his defense; but, if the mere words of the statute do not give that information, it must be furnished by the indictment.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 289–294; Dec. Dig. ☞110.]

2. ELECTIONS ☞328 — INDICTMENT AND INFORMATION ☞110—FALSE REGISTRATION—INDICTMENT.

The only person to whom section 32 of Act No. 49 of 1906 applies is described in the first six words, which declare, "That any person offering to vote," etc. Hence, an indictment which charges the giving of a false answer, or making of a misstatement, with intent to mislead, etc., does not charge the offense denounced by the section in question if it fails to allege that the answer was given, or the misstatement made, by a person offering to vote. So, in order to charge the offense in question, it must appear that the answer alleged to be false was made under oath, administered by a commissioner of election, not any commissioner of any election, but a commissioner of a primary election, authorized by the statute, and then being held.

And it is not sufficient to charge, in the language of the statute, that the defendant gave a false answer to a pertinent question, or made a misstatement, with intent to mislead, but the indictment must go beyond the statute and set forth the question and the language constituting the false answer or misstatement.

[Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 355, 357–363; Dec. Dig. ☞328; Indictment and Information, Cent. Dig. §§ 289–294; Dec. Dig. ☞110.]

Appeal from Twenty-Eighth Judicial District Court, Parish of Jefferson; P. E. Edrington, Judge.

David Schwartz was convicted of perjury in registration for primary election, and appeals. Conviction set aside, demurrer sustained, and defendant discharged.

F. A. Middleton and St. Clair Adams, both of New Orleans, for appellant. R. G. Pleasant, Atty. Gen., and L. H. Marrero, Jr., Dist. Atty., of New Orleans (G. A. Gondran, of New Orleans, of counsel), for the State.

MONROE, C. J. Defendant was prosecuted under an indictment which reads, in part:

"The grand jurors * * * upon their oath, present that one David Schwartz, * * * on or about the 27th day of August [1914] in the parish of Jefferson * * * then and there being, did willfully, unlawfully, untruly, and falsely answer, under oath administered by a commissioner of election, the pertinent question, 'Are you duly registered and qualified to vote at the Democratic primary election, on August 27, 1914, in the Second ward of the parish of Jefferson?' the said question having been asked by a commissioner of election, and the said misstatement and answer was made with the intention to mislead and deceive the commissioners of election for the purpose of voting in the Democratic primary election held in the Twenty-Eighth judicial district, and particularly in the Second ward of the parish of Jefferson on August 27, 1914, contrary to the form of the statutes," etc.

He demurred and subsequently filed a motion in arrest of judgment, attacking the indictment for insufficiency of allegation, both in form and substance, as follows:

That it charges no offense known to the laws of the state; that it does not inform defendant of the cause and nature of the accusation against him; that if it is intended to charge him with an offense under section 32 of Act No. 49 of 1906, the indictment sets forth a conclusion of law, and fails to specify the facts and circumstances pertaining to such offense. It fails to allege that defendant was not a qualified voter of ward 2, at the time of said election; or to describe the election at which any false statement was made with sufficient certainty; or to charge with legal certainty that any election was had under any lawful authority; or to allege for what purpose the election was held; or that it was held for any lawful purpose; or to show what answer was made by defendant to the question of the commissioner,

which answer, it is said, was intended to mislead and deceive; or to allege in what respect said alleged answer was false; or to charge that defendant voted at any election; or to charge that the oath alleged to have been administered was administered by a duly appointed and qualified commissioner of election; or that any lawful oath was administered by any person or commissioner authorized by law to administer oaths, or by any commissioner of election, duly appointed and sworn for the purposes of said election; or to inform defendant of the name of the commissioner who administered the oath, or who asked the question, the answer to which is said to have been intended to mislead.

The prosecution is founded upon section 32, of Act 49, of 1906, which reads:

"Sec. 32. * * * That any person offering to vote, who shall, under oath administered by any of the commissioners of such election, willfully, untruly or falsely answer any pertinent question asked by any election commissioner, or make misstatements, intended to mislead and to deceive the commissioners of election, for the purpose of voting, shall be deemed guilty of a misdemeanor and upon conviction thereof, shall be punished as provided for in section 31 of this act."

The only person to whom the section, or any part of it, applies is described in the first six words, which declare, "That any person offering to vote," etc., but the indictment describes no such person; there being no suggestion in it that defendant offered to vote. The language of the section proceeds, "who shall, under oath administered by any of the commissioners of such election," meaning some particular, as contradistinguished from any, election; but what particular election? Turning to the title and preceding sections of the act, we conclude that the word, "such," as thus used, refers to some one of the several "primary" elections for which the act provides but the indictment does not charge that defendant made any false answer "under oath administered by any of the commissioners of" a primary election. It reads

"under oath administered by a commissioner of election." And, again, the inquiry, What election? but here we find no answer. The indictment does not give it, and we are unable to do so. The statute proceeds—

"willfully, untruly or falsely answer any pertinent question asked by any election commissioner, or make misstatements, intended to mislead and to deceive the commissioners of election, for the purpose of voting, shall be deemed guilty," etc.

The indictment reads—

"did, willfully, unlawfully, untruly and falsely answer, under oath administered by a commissioner of election, the pertinent question, 'Are you duly registered and qualified to vote at the Democratic primary election, on August 27, 1914, in the Second ward of the parish of Jefferson? the said question having been asked by a commissioner of election, and the said misstatement and answer was made with the intention to mislead the commissioners of election for the purpose of voting in the Democratic primary election held in the Twenty-Eighth judicial district, and particularly in the Second ward of the parish of Jefferson on August 27, 1914," etc.

[1] The indictment, we think, should have set forth, as essential ingredients of the offense sought to be charged, that the person by whom the question was asked was a commissioner of a particular primary election, then being held, under some lawful authority. Beyond that, it fails to state what answer defendant gave that was false, misleading, or otherwise, and fails to say what the truth in the matter was. Conceding that it, in a measure, follows the language of the statute, that does not always answer the purpose. A defendant in a criminal prosecution is entitled to be informed, not only that he has violated the law, but "of the nature and cause of the accusation against him." Const. art. 10. In other words, he is entitled to know what particular act of his is charged as constituting such violation.

"It is sufficient to follow the words of the statute, when those words describe the acts constituting the offense with such precision and certainty as to fully inform defendant as to the nature of the charge against which he is to prepare his defense, and to furnish him a complete plea of autre fois acquit, or convict, in bar of

another indictment." Marr's Cr. Jur. of La., p. 408, citing State v. McClanahan, 9 La. Ann. 210; State v. Cason, 20 La. Ann. 48; State v. Fricker, 45 La. Ann. 647, 12 South. 755.

"The charge should be sufficiently specific to enable the defendant to prepare his defense, and, if the mere following of the words of the statute does not give this information, then to charge in the words of the statute is to do no more than to charge a conclusion of law; thus, to charge that defendant did 'keep a disorderly tavern' is not sufficient; the indictment should specify in what the disorder consisted." Id., citing State v. Lubin, 42 La. Ann. 79, 7 South. 68.

Other pertinent authorities cited by defendant's learned counsel are Marr's Cr. Jur. of La., pp. 414, 415; Clark's Cr. Pr. 259; Bishop's New Cr. Pro. vol. 1, pp. 624, 627; Archibold's Cr. Prac. and Pl. (8th Ed.) pp. 275, 276; Joyce on Indictments, pp. 293, 294; State v. Quinn, 136 La. 435, 67 South. 206; State v. Stiles, 5 La. Ann. 326; State v. Hood, 6 La. Ann. 179; State v. Read, 6 La. Ann. 227; State v. Durbin, 20 La. Ann. 408; State v. Breaux, 122 La. 521, 47 South. 876; State v. Noel, 125 La. 309, 51 South. 215; Wharton's Cr. Law, 133; Chit. Cr. Law, 283; State v. Palmer, 32 La. Ann. 565; State v. Edson, 10 La. Ann. 229; 15 Cyc. pp. 451, 452; Carter v. State, 55 Ala. 181; Pearce v. State, 1 Sneed. (Tenn.) 63 Am. Dec. 135; Gandy v. State, 82 Ala. 61, 2 South. 465; State v. Keating, 202 Mo. 197, 100 S. W. 648; Lane v. State, 39 Ohio St. 312; State v. Vincent, 1 Marv. (Del.) page 560, 41 Atl. 199 (1895); Com. v. Degnan, 50 Pa. Super. Ct. (1912) 354; People v. McKenna, 81 Cal. 159, 22 Pac. 488.

[2] Our conclusion is that the indictment is fatally defective in that it fails to charge, either in the language of the statute or in language of equivalent import, that defendant was a person "offering to vote," or that he gave the alleged false answer under oath administered by a commissioner of any primary election, authorized by the statute, and then being held, and in that it fails to set forth the language constituting the alleged false answer or misstatement with which he

is charged. It is loosely drawn in other respects, but we think it unnecessary, for the purposes of this case, further to consider it. The demurrer, and in default of that the motion in arrest, should therefore have been sustained.

It is accordingly ordered and adjudged that the conviction and sentence appealed from be set aside, the demurrer sustained, and the defendant discharged.

O'NIELL, J., takes no part, not having heard the argument.