### THE STATE *VS.* LASSLEY.

1. Where it appears from an entry on the record, that the grand jury elected, impanneled, sworn and charged, returned a bill of indictment; it must be intended to have been done as the law requires—the reverse not being shewn by plea; and that they retired from the presence of the court, after having been qualified for the performance of their duties.

2. Where an indictment has one good count, though it has several that are bad, a general finding will be referred to the good count, and will be sustained by it.

3. Whether it be necessary, in an indictment, to set out a *day certain*, on which the offence charged, was committed, *quere*.

Error to the Circuit court of Cherokee.

Indictment for playing at cards—tried before Judge *Shortridge*. Plea, not guilty. Verdict, guilty.

Defendant moved to arrest the judgment, on the grounds—That the grand jury were not sworn; and that the indictment was defective. The indictment contained three counts; the second of which did not allege a day certain, on which the offence alleged was committed—which motion the court declined hearing, on account of the defendant's not being personally present in court.

*Martin*, for the plaintiff in error.
*Attorney-General*, contra.

COLLIER, C. J.—The defendant was indicted for playing at a game with cards, at a place forbidden by law—and pleaded not guilty.

The State *vs.* Lassley.

After conviction, his counsel moved in arrest of judgment—

*First.* It did not appear that the jury were regularly sworn and empanneled.

*Second.* The indictment was insufficient.

But the court refused to consider of the motion, unless the *defendant himself* appeared in court ; and thereupon, referred as *novel and difficult,* for the decision of this court—*the propriety of its refusal to entertain the motion in arrest of judgment, and the sufficiency of the reasons therefor, as assigned by counsel.*

It will be needless to examine the first question sent up, if the reasons assigned for the action of the court, were not such as to warrant an arrest of the judgment. We will then, first dispose of the latter question.

In the preliminary entry, which recites the *venire facias,* and the drawing of the grand jury, it does not appear that they were *sworn and charged ;* but immediately there-under, we find the following : " The grand jury, elected, impanneled, sworn, and charged to enquire for the body of Cherokee county, returned into open court the following bills of indictment, &c." Among them is that on which the defendant was tried. Now, here is an entry made under the supervision of the court, which informs us that the grand jury were *sworn and charged.* We must intend it to have been done as the law requires—as the reverse is not shewn *by plea.*— They " returned into open court"—which implies, with all force, that they had retired from the presence of the court, after having been qualified for the performance of their duties. Conceding that the qualification of the

The State *vs.* Lassley.

grand jury should appear of record, *elsewhere than in the indictment itself,* we think this is sufficiently shown— (though not with the usual formality,) to sustain the verdict.

The first count in the indictment charges, that the defendant and another, " on the ninth day of October, in the year of our Lord eighteen hundred and thirty-seven, in the county aforesaid, did play at a game with cards, in a public place, &c."

The second count charges, that the defendant and another " did play at a game with cards, in a store-house for retailing of spirituous liquors, &c. on the day and year aforesaid."

No objection is made to the first count ; but it is said that the second is defective, in not alleging the offence to have been committed *on the day and year aforesaid,* or on some particular day.   The necessity of laying a *day certain* in an indictment, has been regarded by high authority, as at least, questionable.—(The People *vs.* Van Santvoord, et al—9 Cowen's R. 660.)   Yet, conceding that it is indispensable, and in the present case, it can avail the defendant nothing—the first count is confessedly good.   And it has been heretofore determined, upon very full consideration, that where an indictment has one good count, though it has several that are bad, a general finding will be referred to, and sustained by the good count.—(The State vs. Coleman—5 Porter's R. 32.)

So that, without examining the propriety of the refusal by the Circuit court, to entertain the motion of the defendant's counsel, we are satisfied that the reasons in arrest of judgment were insufficient, and that the judg-

ment of that court, as to the questions referred, be affirmed.