THE STATE v. BROOKSHIRE.

1. The question of change of venue, is one addressed to the sound discretion of the court to which the motion is made, and therefore cannot reviewed in an appellate court.

2. Witnesses who are present when the other witnesses are sent out under the rule, cannot be examined as a matter of right, and from the operation of this rule attorneys at law are not excluded.

3. If a witness, sent out under the rule, returns of his own accord, or if a witness should arrive pending the trial, and hear the testimony, or a part of it, their introduction as witnesses will depend on the discretion of the court.

Error to the Circuit Court of Madison county.

THE defendant was indicted in the Circuit Court of Madison of the murder of Samuel Hudson, and being found guilty by the jury, moved in arrest of judgment, because the writ of *venire* issued by the Clerk to summon the grand jury, was directed to any sheriff of the State of Alabama, which motion the Court overruled.

At the same term at which the indictment was found, the defendant, by affidavit, alledged that he could not have a fair and impartial trial in Madison county, owing to the excitement and prejudice against him, and that the same causes operated in the counties of Limestone and Morgan. The Court granted a change of venue, and ordered the same to the county of Lawrence, which was not acceded to by the attorney for the defendant, and the cause was continued.

Previous to the trial of the cause, the witnesses for the State and the prisoner were put under the rule of separation, and after the examination of the witnesses, an offer was made on the part of the defendant to introduce two witnesses, who were two of the defendant's counsel, to prove a fact considered somewhat material for the defence; which was refused by the Court, because they were present in Court during the examination of all the other witnesses; and because, at the time the other witnesses were put under the rule, no exception was made in favor of these two witnesses. But the question of their rejection being by the Court considered novel and difficult, as also the question arising on the order made by the Court on the motion for a change of venue, and the motion in arrest of judgment, the points of law arising thereon, are reserved for the revision of this Court as novel and difficult.

Mr. HOPKINS and Mr. PHELAN, for the defendant, cited the same authorities as in the case of the State vs. Phillips.

The ATTORNEY GENERAL and Mr. CAMPBELL contra.

ORMOND, J.—The question arising on the direction of the *venire facias*, issued to summon the grand jury, has been fully considered in the preceding case of the State vs. Phillips, and shown to be sufficient.

By our statute, Aik. Dig. 285, the Courts are empowered, on the affidavit of the defendant in a criminal case, setting forth

that he cannot have a fair and impartial trial, to change the venue "to the nearest adjoining county, free from the like exceptions." The defendant, in his affidavit, stated that Limestone and Morgan counties were subject to the same exceptions as Madison. No exception is taken to Jackson county, which adjoins Madison county.

The order of the Court was that, the venue be changed to Lawrence county, the boundaries of which no where touch the county of Madison. We are not however called on to decide whether the venue could have been changed to Lawrence county, as the proposition to change the venue to that county was not acceded to by the defendant, and he cannot therefore revise that decision; because, whether erroneous or not, it did not work any prejudice to him. The whole matter must of necessity rest in the discretion of the Court, to be exercised under a view of all the circumstances, and cannot be re-considered in this Court.

The manifest design of separating the witnesses from those under examination, is to secure an impartial administration of justice by preventing concert of action among them; but from the operation of this rule, it appears, attorneys will be excluded, if they are mentioned as witnesses when the other witnesses are sent out. [5 Carr & Payne 91.] But if not so excepted, and he hears the testimony, he will not be allowed to give evidence. [Rex vs. Webb, cited in 3 Starkie's Ev. 1733.] If a witness, put under the rule, returns of his own accord and hears the testimony, or if witnesses should arrive at the courthouse and hear the testimony, or a part of it, before they are discovered, it will be in the discretion of the Court to permit them to testify or not. But as it would be a great hardship to deprive a party of the benefit of his witnesses when he has himself been in no default, the permission ought to be given, unless there be some peculiar circumstances forbidding it, which the Court, in the exercise of a sound discretion, will determine. [Beaman vs. Ellice, 4 Carr & Payne 585, and Rex vs. Colley, 1 Mood. & Malk. 329.]

It appears, therefore, that, as the attorneys of the defendant were not excepted from the operation of the rule when the other witnesses were sent out, there was no right to examine

them as witnesses in the cause ; but that their introduction depended on the discretion of the Court under a view of all the circumstances of the case ; and we cannot say that this discretion has been unwisely exercised.

The judgement of the Court below is, therefore, affirmed.