Morgan v. The State.

---

# MORGAN vs. THE STATE.

1. When it is alleged in the commencement of an indictment that "the grand jurors for the State of Alabama upon their oaths present," &c. and the name of the proper county is stated in the caption, the proceedings are sufficiently certain, although it is not averred in the indictment that such grand jurors were selected, empannelled, sworn and charged to inquire for the body of the county.

Morgan v. The State.

2. An objection to the formation of the grand jury cannot be raised for the first time in the appellate court.

3. The addition of the county of the defendant's residence is mere matter of form, and the failure to aver it does not affect the validity ·of an indictment.

ERROR to the City Court of Mobile. Tried before the Hon. Alex. McKinstry.

JEWETT, for plaintiff in error :

A grand jury of good and lawful men of the county for which the court is held, shall be returned agreeably to law, at each term, who shall inquire and true presentments make of all crimes, &c., committed in their county, and such offences the court has jurisdiction to try.—Clay's Dig. 294, § 32.

An indictment, in its caption, must state the jurors by whom it was found.—Wheat. Crim. L. 63; McClure v. State, 1 Yerg. 260; 1 Ch. Crim. L. 333; 5 How. Miss. 32; Peck's R. 140-66.

If the caption omit to state that the jurors are of the county aforesaid, the indictment will be vicious.—Wheat. Crim. L. 65; Tipler v. State, Peck's R. 8 ; Cornell v. State, Martin & Yerg. 147; Bacon's Ab. 93; Woodside v. State, 2 How. Miss. 655; 1 Chitty's Crim. L. 333.

In an indictment nothing can be taken by intendment.—3 Stew. 130; State v. Coleman, 3 Ala. 15.

In an indictment there must be, to the name of the defendant, an addition of his residence. The county must be distinctly laid.—1 Ch. Crim. L. 208-9-10; 2 ib. 1-2-3; 3 ib. 750; Arch. Crim. Pl. 36.

Where a positive fact is averred, it should be stated to be done then and there, after the county, &c., have been clearly expressed in the body of the indictment.—Ch. Gen. Law, 198 ; Com. Dig., Indict., G. 1; 1 Sess. Cas. 178.

The words, then and there, referring to the county in the margin, is not a sufficient laying of the venue.—Kennedy v. Commonwealth, 3 Bibb. 490; 2 Hawk. 348; Addison, 71; 3 Modern, 265.

Time and place must be attached to every material fact averred in an indictment.—Arch. Crim. Pl. 46, and references therein.

ATTORNEY GENERAL, for the State :

The principal objection to this indictment is, that the body of the indictment does not show that the grand jury who found the bill were chosen, sworn, &c. for the county of Mobile.

1. It is the office of the caption to show in what county the indictment was found and returned by the grand jury, and this need not be repeated in the body of the indictment.—Dean v. State, Martin & Yerg. 127; see Meig's Dig., Indictment.

The fact that the indictment does not show that the grand jury were empannelled and sworn to inquire of crimes and offences committed within the body of the county, is not error.—Hurley v. State, 6 Ohio, 405.

In this respect the indictment is in strict conformity to the English common law precedents.—See forms in 2 Chitty Cri. L. 1-2, &c., and also see State v. Nixon, 18 Ver. 70; State v. Harden, 1 Brev. 47; State v. Sanderlin, 6 Ham. 285; State v. Long, 1 ib. 386.

Where it appears from any part of the record, that the grand jury were sworn, &c., returned the bill, &c., the indictment is regularly in court.—State v. Lassly, 7 Por. 527.

The grand jury are sworn, &c. for a particularly county, and if the caption or historical part of the indictment shows this, the body of the indictment need not.—Clay's Dig. 294, § 32.

2. No objection can, for the first time in this court, be taken to the manner in which the grand jury were empannelled, drawn, &c. Pleading to the indictment admits its genuineness.—State v. Shaw, 18 Ala. (Jan. Term, 1851;) State v. Clarkson, 3 ib. 378.

3. It is said that the words, then and there, are more certain than a repetition of the time and place.—1 Chitty Cri. L. 221; Arch. Cr. Pl. 39. "Then and there" refers to the venue in the margin.—State v. Harden, 1 Brev. 47.

4. The words, "within said county," are equivalent to late of said county.

CHILTON, J.—The first and principal objection to this indictment is, that in its commencement it states that "the grand jurors for the State of Alabama upon their oath present," &c., instead of the averment that such grand jurors were elected, empannelled, sworn and charged to inquire for the body of Mobile county. The indictment conforms to the English common law precedents, which usually commenced, "the jurors for our Lord the King, upon their oath present," &c.—2 Chitty's Crim. L. 1-2. In England, however, as in this country, the caption shows the court in which the proceedings were had, as well as

Morgan v. The State.

the jurors by whom the indictment was found, and this, although no part of the indictment, makes the proceedings sufficiently certain.—See 1 Chitty's Crim. L. 326-7-8, and cases cited. Objection is taken to the caption in this case, that it is but the certificate of the clerk, and not a transcript from the record of the City Court; but the objection is not sustained by the record, a portion of which record the clerk duly certifies it is. We cannot indulge a presumption against the verity of his certificate, as to what constitutes the record, and consequently must treat the caption as properly constituting a portion of it.

In the State v. Lassley, 7 Port. 526, it was held, that where it appears from an entry on the record, that the grand jury elected, empannelled, sworn and charged, returned a bill of indictment into court, it must be intended to have been done as the law requires, the reverse not being shown by plea, &c. In the case before us, the defendant below treated the indictment as having been properly found and returned, by his plea of not guilty. If he desired to take advantage of any irregularity in the formation of the grand jury, he should have done so by an appropriate plea. It is well settled, that he cannot raise the objection for the first time in this court.—State v. Clarkson, 3 Ala. 378.; State v. Shaw, 18 ib. 547, and cases there cited.

The objection that the addition of the county of the defendant's residence is omitted, cannot be supported. It is usual and proper to charge that, "A. B., late of said county," &c., which refers to the county stated in the margin, as do also the words, "then and there," as used in the body of this indictment; (Cro. Jac. 167; 1 Brev. 47,) but it is sufficient to state, as is here done, that the prisoner committed the felony "within said county." The addition of residence in England was considered unnecessary, except in cases where process of outlawry could issue, and the necessity for it in any case was rested upon their statute of 1 H. 5, c. 5; see Leeche's Case, Cro. Jac. 167. With us, it is but mere matter of *form*, and the failure to aver it does not affect the validity of the indictment. As to the sufficiency of the indictment, see 4 Dev. 336, and 1 Chitty's Crim. L. 208.

We are unable to percieve any defect in this indictment, available to the defendant, and the judgment of conviction must be affirmed.