## BAKER vs. THE STATE.

[INDICTMENT FOR INCEST.]

1. *Sufficiency of indictment.*—An indictment, charging that the prisoner, "being then and there the father of one Elizabeth B., and within the degree of consanguinity within which marriages are declared by law to be incestuous and void, and then and there knowing the said Elizabeth to be his daughter, did then and there live with the said Elizabeth in a state of adultery,"—is sufficient under the Code.

2. *Sufficiency of general verdict of guilty.*—Where the defendant pleads not guilty to an indictment containing a good and a bad count, a general verdict of guilty as charged in the indictment will be referred to the good count.

3. *Punishment of incest.*—The punishment of incest, as prescribed by the Code, (§ 3234,) is the same as under the former law.

4. *What constitutes incest.*—Adultery, committed with a natural daughter, is within the statute, equally as if she was born in lawful wedlock.

FROM the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

THE indictment in this case was in these words:

"The grand jury of said county charge, that before the finding of this indictment, William Baker, being then and there the father of one Elizabeth Baker, and within the degree of consanguinity within which marriages are declared by law to be incestuous and void, and then and there knowing the said Elizabeth Baker to be his daughter, did then and there live with the said Elizabeth Baker in a state of adultery, against the peace and dignity of the State of Alabama.

"The grand jury of said county further charge, that before the finding of this indictment, the said William Baker, being then and there the father of said Elizabeth Baker, and within the degree of consanguinity or relationship to the said Elizabeth within which marriages are declared by law to be incestuous and void, and then and there knowing the said Elizabeth to be his daughter, did then and there live with the said Elizabeth Baker in a

34

state of adultery or fornication, against the peace and dignity of the State of Alabama."

The defendant pleaded not guilty ; the jury returned a verdict, finding him "guilty as charged in the indictment"; and thereupon the court sentenced him to confinement in the penitentiary for four years.

There was no bill of exceptions, and no motion in arrest of judgment.

Geo. N. Stewart, for the prisoner, made these points:

"1. The indictment is insufficient in law to authorize the judgment and sentence of the court.

"2. The jury having found the defendant guilty, and the sentence being made the duty of the court, the time not being specified when the offense was committed, the court cannot determine on the record whether the punishment should be inflicted as provided by the Code, or under the law in force before the enactment of the Code, as it is not known whether the offense was committed before or after the Code went into effect.

"3. The indictment contains two distinct offenses, the punishment of which is different, and which, consequently, cannot be joined.

"4. The second count, being in the alternative, ('in adultery or fornication,') is bad.

"5. The indictment does not specify the facts constituting the consanguinity, so that the court can judge whether it was within the prohibited degrees; nor that the daughter was born in wedlock, so that it may appear that she was the defendant's daughter in contemplation of law; nor that either the defendant or his daughter was married.

"6. The statute does not extend to a living in incestuous fornication, but only punishes adulterous incest. The charge of incestuous fornication, therefore, amounts only to a charge of fornication, which is a mere misdemeanor. Consequently, there was a misjoinder of offenses of different character, and involving different punishments.

"7. The averment of the consanguinity, being such as

the law condemns, is alleged only as a conclusion of law, and is insufficient."

M. A. BALDWIN, Attorney-General, *contra*, cited Noles v. The State, 24 Ala. 672; Johnson v. The State, 29 Ala. 62; Hinton and Watson v. The State, 6 Ala. 865.

WALKER, J.—The first count in the indictment conforms strictly to the forms laid down in the Code, and must, therefore, be deemed good.—Noles v. The State, 24 Ala. 672.

We do not decide that the second count in the indictment would or would not be maintainable on demurrer; but, conceding that it is not, the judgment of the court below must be affirmed. The defendant pleaded not guilty generally to the entire indictment. The verdict was a general one of guilty as charged in the indictment. It is well settled, that where an indictment contains a good and a bad count, a general finding will be referred to the good count, and sustained by it.—State v. Lassley, 7 Porter, 526; State v. Coleman, 5 Porter, 526; State v. Briley, 8 Porter, 472.

It is argued for the defendant, that the case ought to be reversed, because the indictment does not disclose whether the offense was committed before or after the adoption of the Code. This argument is based upon the supposition, that the punishment of the offense under the Code is different from that prescribed in the antecedent law. This supposition is incorrect in point of fact. The punishment is precisely the same under the Code as under the old law.—Clay's Digest, 432, § 6; Code, § 3234.

It is no objection to the indictment, that it does not disclose that the female with whom the adultery was committed was the daughter of the defendant born in lawful wedlock. The crime is complete, under the statute, if she was his natural daughter.—Morgan v. The State, 11 Ala. 289.

The judgment of the court below is affirmed.