## MONTGOMERY *vs.* THE STATE.

[INDICTMENT FOR LARCENY OF MULES.]

1. *Putting witnesses under rule; what is revisable.*—Where the witnesses for the prosecution, in a criminal case, are put under the rule, and one of them nevertheless remains in court during the examination of another, it is discretionary with the court to permit him to be examined; and the exercise of that discretion is not revisable on error.

2. *Conviction on testimony of accomplice.*—To authorize a conviction of felony on the testimony of an accomplice, (Penal Code, § 641,) it is not necessary that his testimony should be "corroborated by other evidence in every material part."

3. *General verdict of guilty on good and bad counts.*—A general verdict of guilty, under an indictment containing both good and bad counts, will be referred to the good counts, and will support a judgment of conviction.

FROM the Circuit Court of Henry.
Tried before the Hon. H. D. CLAYTON.

THE indictment in this case, which was returned into court on the 23d April, 1867, contained two counts, each of which charged, that before the finding of the indictment, "to-wit, on the first day of January, 1867, George Montgomery feloniously took and carried away two mules, the personal property of Thomas J. Irwin"; the only difference between the two counts being, that the first averred the value of each mule to be more than one hundred dollars, while the second contained no averment of value. The trial was had at the same term, on issue joined on the plea

of not guilty, when the following bill of exceptions was reserved by the prisoner:

"On the trial, and before any of the witnesses had been sworn or examined, the defendant requested the court to put all the negro witnesses under the rule; which was granted, and an order made to that effect. Four of the witnesses were thereupon called by the State, sworn, charged by the court, and sent beyond hearing. The trial then commenced. The first witness introduced by the State was Dr. Johnson, a joint owner of one of the stolen mules. When his direct examination was about half through, the State's solicitor informed the court that one Brooks, a mulatto, was present in court, and was present when the above order was made, but was overlooked by mistake; and as he would probably desire to use him as a witness, he requested the court to include said Brooks in the said order; which was done, and said Brooks was sent out of hearing. It was in evidence, that said Brooks was jointly indicted with the defendant, and had appeared in open court, just before the commencement of this trial, confessed his guilt, and pleaded guilty to the charge, and his counsel invoked the mercy of the court in his behalf; that said Brooks, during his arraignment and confession of guilt, appeared very penitent, and shed tears at the time the solicitor announced, in the hearing of the counsel for the defendant, that he expected to use Brooks as a witness on his trial; that said Brooks was in court, and within the bar, when the first order was made, was not pointed out as a witness, was not excepted from the rule, and listened very attentively to Dr. Johnson's testimony, which had reference to the loss of the stolen mules, their peculiar marks, the situation of the lot from which they were taken, the manner of the taking, their course from the lot, how he pursued them, &c. In the progress of the trial, the State offered said Brooks as a witness. The defendant objected to his introduction as a witness, because he was present in court when the order was made for the exclusion of the witnesses, was not pointed out as a witness, and was not excepted from the rule; that he should not be allowed to testify, under the circumstances, because he was an accomplice and felon, and had heard

43

the evidence of Dr. Johnson, and his testimony was of the utmost materiality to the prosecution; there being no direct or positive testimony against the defendant, except that he was seen, in company with said Brooks, going in the direction and in the neighborhood of the lot from which the mules were stolen, on the night of the stealing; and because said Brooks was jointly indicted with the defendant, and had pleaded guilty, and, under all the circumstances, was biased in favor of the State. The court overruled the objections, and allowed said Brooks to testify; and the defendant excepted. The testimony of said Brooks was very material for the prosecution: he swore, among many other things, that the defendant went with him to the lot, and assisted him in stealing the mules as charged. The defendant asked the court to charge the jury, that said Brooks was an accomplice, and that a conviction could not be had upon his testimony, unless the same was corroborated by other evidence in every material part. The court refused to give this charge, but read to the jury section 641 of the Penal Code, as the law on that subject; and the defendant excepted." The jury returned a verdict of guilty, and the court sentenced the defendant to imprisonment in the penitentiary for the term of two years.

W. C. OATES, for the prisoner.—1. It is admitted that, when the witnesses are put under the rule, and one of them returns of his own accord, or arrives after the others have been sent out, and hears a portion of the evidence, the court may, in its discretion, allow him to be examined; and the reason of the rule is, that the party, being in no default, ought not to be prejudiced by an accident, or the fault of another. But neither the rule itself, nor the reason of it, extends to such a case as this, where the witness was in court all the time, and was not pointed out. The prisoner ought not to be prejudiced, nor the State benefited, by the default of the prosecuting attorney; and the rule of exclusion ought to be strictly applied, where the proposed witness is an accomplice and infamous.—*The People v. Whipple*, 9 Cowen, 707; *Rex v. Webb*, 5 Car. & P. 91, cited in

3 Stark. Ev. 1733 ; 4 Car. & P. 585 ; *Rex v. Calley*, 1 Moody & M. 329 ; 1 Greenl. Ev. § 880.

2. The charge asked ought to have been given. The peculiar facts of the case made it necessary and proper ; and as it was not inconsistent with the statute which the court read to the jury, it ought to have been given in the language in which it was asked—*Polly v. McCall*, 37 Ala. 21.

JOHN W. A. SANFORD, Attorney-General, *contra*.—1. When witnesses are placed under the rule, and one of them, by accident or design, remains within hearing of the testimony, it is altogether discretionary with the court whether or not he shall be examined.—*The State v. Brookshire*, 2 Ala. 303 ; *Grimes v. Martin*, 10 Iowa, 347 ; Roscoe's Crim. Ev. 127.

2. The charge asked by the defendant, required explanation and qualification, and was therefore properly refused. Penal Code, § 641 ; *Swallow v. The State*, 22 Ala. 20 ; *Godbold v. Blair & Co.*, 27 Ala. 592 ; *Partridge v. Forsyth*, 29 Ala. 200.

BYRD, J.—1. In allowing the witness Brooks to testify, under the facts and circumstances in evidence, the court committed no error. It was a matter of discretion, and, even if erroneous, is not revisable.—*The State v. Brookshire*, 2 Ala. 303 ; *Sidgreaves v. Myatt*, 22 Ala. 617 ; 1 Greenl. Ev. § 432 ; Starkie's Ev. §§ 199, 200 ; *McLean v. The State*, 16 Ala. 672. That he was competent, see Code, § 2302.

2. At common law, an accomplice was a competent witness against the other parties engaged with him in the commission of an offense. But the courts cautioned the jury against finding a prisoner guilty of a felony on such evidence ; though convictions have taken place thereon, and been sustained. In the progress of time, it seems that the judges instructed the juries, not to find a prisoner guilty of a felony, on the evidence of an accomplice, unless it was corroborated. But learned judges have differed as to the extent and character of such corroboration necessary to authorize a conviction. Some of the judges have held it sufficient, if the witness is confirmed in any material part of his evidence ; while others have required confirmatory

testimony as to the *corpus delicti;* and others, that there should be corroborating proof that the prisoner actually participated in the offense.

Under this contrariety of opinion, the legislature has adopted the following rule on the subject : "A conviction of felony can not be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense ; and such corroborative evidence, if it merely shows the commission of the offense, or the circumstances thereof, is not sufficient." Under this rule, the evidence of an accomplice is sufficient to authorize a conviction, if corroborated by other evidence tending to connect the defendant with the commission of the offense ; and is not sufficient if only corroborated by evidence which shows the commission of the offense, or the circumstances thereof.

Neither all the evidence of the witness Brooks, nor all the evidence tending to connect the prisoner with the commission of the offense, is set out in the record. We can not, therefore, construe the charge asked by the evidence introduced on the trial. We must test its correctness by the statutory rule above set out.

The charge refused by the court, in putting the legality of a conviction upon a corroboration of "every material part" of the evidence of the witness Brooks, went beyond the requirements of the statutory rule, or any rule recognized by the common law ; and the court therefore properly refused to give the charge.

3. A general verdict, on an indictment containing good and bad counts, is valid, for the verdict is referred to the good count.—*State v. Jones,* 5 Ala. 666.; *State v. Lassley.* 7 Porter, 526.; *State v. Briley,* 8 Porter, 472. The first count is clearly good ; and no objection to the second count has been pointed out by counsel, nor has any occurred to us.—Penal Code, 211, No. 40.

The judgment is affirmed.