# Smith *v.* The State.

### *Larceny of a Hog.*

1. *In one particular the evidence of an accomplice must be corroborated.* To authorize a conviction under an indictment for a felony on the testimony of an accomplice, that part of his evidence which connects the accused with the commission of the crime must be corroborated. But it is immaterial whether or not it is corroborated in other particulars.

2. *The evidence of an accomplice relative to ownership of property is not required to be supported.*—When the testimony of an accomplice, which connects the prisoner with the larceny of property, is corroborated, his evidence relative to its ownership would authorize a conviction although it is supported by no other witness.

APPEAL from the City Court of Montgomery.

Tried before the Hon. JOHN A. MINNIS.

The defendant and George Franklin were indicted for the crime of larceny, by the grand jury of Montgomery county, at the October term, 1877, of the City Court of Montgomery. At the next term of the Court a *nolle prosequi* was entered in favor of George Franklin, and he became a witness for the State. He testified " that he was with Tobe Smith, the defendant, on the night of the larceny; that Tobe Smith started to kill a hog in Dr. Nicholson's field, and that he (Franklin) ran off, but came back and found that Tobe Smith had killed the hog, that they cleaned it and that he (Franklin) took a part of the hog," which was alleged in the indictment to be the personal property of J. C. Nicholson.

Dr. Nicholson testified that he had lost a hog, which had been taken from his field in Montgomery county ; that no promises, threats or inducements had been held out to the defendant to make any confession ; that Tobe Smith then stated he had brought the meat there. He asked Smith about stealing the hog, and Smith told him that on the night before, as he and George Franklin were coming from church, they saw a hog in a field, and that they killed the hog so found, but that he did not know whether the hog was the

property of Nicholson or not. Nicholson further testified that he could not identify the hog further than that the meat was of the size and description of his hog." He also stated that his name was John C. Nicholson, but he usually signed his name and was known as J. C. Nicholson.

Among others, the following charges were asked in writing by the defendant, viz :

" If the proof of the commission of the offence charged depends alone upon the confession of the defendant and the testimony of the accomplice, corroborated only on that point, they can not find the defendant guilty."

" If the evidence in the case, outside of George Franklin's testimony, as to the ownership of the hog, then they must acquit, and they must be satisfied of such corroboration beyond a reasonable doubt."

These charges were refused by the court, and to the refusal of each charge, the defendant excepted.

No counsel for appellant.

JOHN W. A. SANFORD, Attorney-General, for the State.

STONE, J.—A prisoner may be convicted of a felony on the testimony of an accomplice, if " corroborated by other evidence tending to connect the defendant with the commission of the offence." It is not enough "if it merely shows the commission of the offence, or the circumstances thereof." Code of 1876, § 4895. As we understand this statute, it requires that the corroborative testimony shall tend to connect the prisoner with the commission of the offence ; must tend to show that he participated in the commission of the crime.—See *Martin v. The State*, 28 Ala. 71; 1 Greenl. Ev. § 380; *Montgomery v. State*, 40 Ala. 684.

The evidence of the witness, Nicholson, did tend to connect the prisoner with the commission of the offence, and thus fairly presented to the jury the credibility of the accomplice. The statute does not specify any other fact, testified to by an accomplice, which requires corroboration before it will authorize conviction, and we are not authorized to add other clauses to it. The corroboration, extending to this essential, the question of guilt or innocence should be allowed to be passed on by the jury. If, however, there is no corroboration of this essential fact, then a conviction should not be allowed.

None of the charges asked should have been given, accord-

ing to the rules above declared. The fifth charge seeks to draw a distinction between J. C. Nicholson and John C. Nicholson, the alleged owner of the hog. The witness testified he was called and known by both names. The variance was immaterial.

Affirmed.