# Clayton *v.* The State.

## *Murder.*

(Decided December 4, 1913.   64 South. 76.)

1. *Homicide; Evidence.*—Where a customer and a hack driver quarreled over the fare, and the driver was killed by a pistol shot, and the evidence was conflicting as to who provoked the difficulty and as to who fired the first shot, the admission of evidence that at the time and place of the difficulty, a person would have to step down from the sidewalk to get into the hack, and as to how far the hack was from the sidewalk, was not prejudicial.

2. *Same.*—Where the evidence was conflicting as to who provoked the difficulty, and as to who fired the first shot, it was competent for the state to show the height of the cab on which deceased was, and on which the evidence tended to show deceased had two pistols.

3. *Trial; Statement of Court.*—The statement of the trial judge, in response to objections to evidence that the court thought it was a fact that if a man was on the sidewalk and the hack was in the street, the man would have to step down to get into the hack, was without prejudice to defendant.

4. *Same; Order of Proof.*—The admission of the testimony of a physician as to the directions the bullet followed on entering the body of deceased, was admissible as against an objection that it was brought out on the rebuttal examination of the witness instead of on his direct examination.

5. *Evidence; Declaration of Defendant.*—Statements made by defendant to officers soon after the commission of the offense are not parts of the res gestæ, but merely self-serving declarations when offered by defendant, although admissible against him when so offered.

6. *Same; Expert.*—Where a physician examined a wound inflicted on a person by a bullet, he was competent to testify as to the direction which the bullet followed on entering the body.

7. *Charge of Court; Singling Out Facts.*—A charge asserting that in a criminal case evidence of defendant's previous good character is admissible for him, not only where a doubt exists of his guilt, but where it is sought to create a doubt of guilt, singles out facts, and is properly refused.

8. *Same; Undue Prominence.*—Charges which give undue prominence to parts of the evidence and ignore other parts of the evidence, are properly refused.

9. *Same; Argumentative.*—Charges which are argumentative, and which direct the jury to consider certain parts of the evidence are refused without error.

10. *Same; Covered by Those Given.*—It is not error to refuse requested instructions which are substantially covered by written charges given.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

. Frank Clayton was convicted of murder in the first degree, and he appeals. Affirmed.

The facts sufficiently appear from the opinion. Charge 15 is as follows: "The court charges the jury that in a criminal case evidence of a defendant's previous good character is admissible for him, not only where a doubt exists on the other proof, but even to generate a doubt of the guilt of defendant"

C. W. TOMPKINS, for appellant. The distance of the hack from the sidewalk and whether or not one would have to step off the sidewalk to get into the hack was improperly admitted in evidence.—*Allen v. State*, 62 South. 971. The court was in error in stating in the presence of the jury what the facts were.—*Meadows v. State*, 62 South. 737; *Rigell v. State*, 62 South. 977; 6 R. I. 34; Proffatt on Jury Trials 372. On these same authorities, the court erred in permitting it to be shown how high the hack was. The action of the court did not cure it.—*Meadows v. State, supra.* The statement of defendant to a police officer immediately after the shooting was a part of the res gestæ and admissible.— *Nelson v. State*, 30 South. 730. Facts should be brought out on the direct examination and not on the rebuttal.—*Rigell v. State, supra.* Counsel discuss the charges refused, but without further citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

MAYFIELD, J.—The defendant was convicted of murder in the killing of Alexander Marshall. The de-

ceased was a hack, or cab, driver in the city of Mobile. The defendant, or some one for him, telephoned for a hack or cab. The deceased responded, and defendant entered the vehicle to be carried to his destination. The deceased remarked, "You understand the fare is 50 cents." The defendant answered, 'No, they said over there that the price was 25 cents." From this a general quarrel and fight ensued, in which both parties used pistols, and the driver of the vehicle was killed and the defendant wounded. The evidence was in conflict as to who provoked the difficulty, and as to who first drew a pistol, and as to who fired the first shot.

The defendant's counsel objected to the state's witnesses' testifying that, at the time and place of the difficulty, one would have to step down from the sidewalk to get into the hack, and as to how far the hack was from the sidewalk, and objected also to the remarks of the court in this connection, made as a reply to counsel's objection to the evidence, "I think it is a fact if a man is on the sidewalk and the hack is in the street he would have to step down to get to his cab." There was no merit in any of these objections, and no possible injury did or could result from the overruling of the same.

There was likewise no merit in the objection to the state's proving the height of the cab on which the evidence tended to show the deceased had two pistols.

The trial court properly declined to allow the defendant to prove statements made by him to the officers and others soon after the difficulty. Such statements were not parts of the res gestæ but were merely self-serving declarations. There was, however, no error in allowing the prosecution to prove statements made by the defendant soon after the difficulty; such statements relating to the killing and being therefore admissible

against, but not for the accused. It should also be noted that the statements offered by the defense were not parts of the same conversations which were proven by the state, as to which there is a well-known exception.

Dr. England was properly qualified as an expert to testify to the direction the pistol ball followed on entering the body, he having examined the wound as a physician; and it was no valid ground of objection that the evidence was brought out on the rebuttal examination instead of on the direct.

There was no error in refusing charge 15. It stated a correct proposition of law, to the effect that in criminal cases evidence of the defendant's previous good character is admissible for him, not only where a doubt exists as to the proof, but where it is sought to generate a doubt of guilt; but it has been held, and we think correctly, that such a charge may be refused because it singles out a part of the evidence. See *Miller's Case,* 107 Ala. 59, 60, 19 South. 37, and cases cited.

All the other refused charges were properly refused for being argumentative, and for singling out parts of the evidence and directing the jury to look to this or to that part of the evidence, and for giving undue prominence to certain parts of the evidence and ignoring other parts, or were properly refused because they were fully covered by other written charges which were given at the request of the defendant.

The entire record has been carefully examined, and we have been furnished by counsel for appellant with a good brief arguing all the questions raised by the record; but we find no reversible error in the proceedings of the trial court.

Affirmed.

McClellan, Sayre, and Somerville, JJ., concur.