[No. 19024.  Department Two.  March 12, 1925.]

THE STATE OF WASHINGTON, *Respondent*, v. J. M. DOOLEY *et al., Appellants.*[1]

CRIMINAL LAW (285, 289)—TRIAL—INSTRUCTIONS—CREDIBILITY OF WITNESSES—ADMISSION BY CO-DEFENDANTS.  Where two were jointly indicted and tried, one cannot assign error on instructions as to admissions made by his co-defendant which were admissible against such co-defendant.

SAME (134)—EVIDENCE—DECLARATION BY ACCUSED—ADMISSIBILITY.  Statements freely made by accused to police officers as to his whereabouts at the time the crime was committed are admissible so far as they tend to connect him with the crime or show his relation thereto.

Appeal from a judgment of the superior court for King county, Brinker, J., entered December 1, 1923, upon a trial and conviction of grand larceny.  Affirmed.

*Henry Clay Agnew,* for appellant.

*Malcolm Douglas, T. H. Patterson,* and *Chester A. Batchelor,* for respondent.

MACKINTOSH, J.—This is an appeal from a judgment entered upon a verdict of a jury finding the defendant guilty of the crime of grand larceny.

Two errors are assigned: first, that the court instructed the jury as to the weight to be given by them to admissions and conversations made by a defendant.  It is true that this instruction could have no reference to the appellant, for there is nothing in the record showing either a confession or admission by him, but the appellant was jointly tried with another, who had made statements in the nature of admissions as defined in the instruction.  *State v. Duncan,* 101 Wash. 542, 172 Pac. 915.  The instruction was proper as to the appellant's co-defendant, and there was, therefore, no error in the giving of it.

[1]Reported in 233 Pac. 646.

The other assignment is that conversations of police officers and a deputy prosecuting attorney with the appellant were improperly admitted. These conversations consisted of voluntary statements made by the appellant at the time of his arrest in regard to his whereabouts at the time of the commission of the crime. These statements were freely made and were admissible, even though no part of the *res gestae*. Complaint is made that they tended to establish appellant's commission of another crime, but the jury was instructed to disregard so much of them as might have such reference, and, as a matter of fact, they could not have been taken as having any reference to any other criminal offense.

The general rule is laid down by 16 C. J. 549 that statements made by a defendant as to his whereabouts at the time of the commission of the crime are admissible:

"At least in so far as they tend to connect him with the crime and are not merely self-serving, the conduct and general demeanor of the accused after the crime, his language, oral and written, his attitude and relations toward the crime, and his actions in the presence of those engaged in endeavoring to detect the criminal are always relevant, whether part of the *res gestae* or not."

To the same effect see 8 R. C. L. 186; *State v. Wilkins,* 221 Mo. 444, 120 S. W. 22; *People v. Sprague,* 52 Cal. App. 363, 198 Pac. 820; *Clayton v. State,* 185 Ala. 13, 64 South. 76. This court, in *State v. Royce,* 38 Wash. 111, 80 Pac. 268, 3 Ann. Cas. 351, had this to say of a similar situation:

"Appellant also insists that the court erred in admitting in evidence the statements made by appellant to officers Weir and McDermott, while at the police station . . . appellant had not been charged with any crime or misdemeanor, but was simply in the

police office, with the officers. Appellant seems to assume that these statements were confessions obtained from him by threats or promises, . . . We have carefully examined the evidence, and fail to find that any threats were made, or any inducements offered, at any time prior to the statements made by appellant, . . . Moreover, the record fails to show that appellant ever at any time made any confessions. . . . We find no confessions made by appellant, and are of the opinion that every statement actually made by him, and testified to by the officers, was voluntarily made, without any threats or inducements upon the part of the officers, and that said statements were properly admitted.''

Finding no error in the record, the judgment is affirmed.

TOLMAN, C. J., FULLERTON, HOLCOMB, and MITCHELL, JJ., concur.