33 So.2d 245

### STEPHENS v. STATE.

4 Div. 450.

Supreme Court of Alabama.

Dec. 18, 1947.

Rehearing Denied Jan. 22, 1948.

A. A. Carmichael, Atty. Gen., Bernard F. Sykes, Asst. Atty. Gen., and B. W. Simmons, Circuit Sol., of Andalusia, for the State.

Jas. M. Prestwood and A. R. Powell, Jr., both of Andalusia, for appellant.

LAWSON, Justice.

The appellant, Alex Stephens, was indicted for the offense of murder in the first degree by a grand jury of Covington County. Stephens being unable to employ counsel, two practicing attorneys at the bar of said county were appointed by the court to represent him. He pleaded not guilty but upon his trial upon the said indictment he was convicted of murder in the second degree, and his punishment was fixed by the

trial jury at imprisonment in the penitentiary of this state for a period of forty years. Judgment and sentence were in accord with the verdict.

The deceased, George Cawley, Sr., was the father-in-law of defendant. There is no dispute in the evidence that Cawley died shortly after a personal encounter with defendant and that the cause of his death was a wound in his chest and heart caused by a sharp instrument which penetrated at least four inches into his body.

The difficulty between the two men took place approximately in front of the home of deceased late in the afternoon of the 5th day of October, 1946.

Several persons who witnessed the encounter testified for the State. Their testimony may be summarized as follows:

Just prior to the difficulty the defendant stopped his small truck in front of the deceased's home. With him were his wife and several of their children. Deceased went up to the truck and sought to get defendant to give the children some money with which to go to a show and to get him to remain with his wife, rather than to spend his money on some other woman. Defendant became angry and cursed deceased, who approached the side of the truck where defendant was seated. Defendant then stood on the running board and as his wife sought to intervene defendant knocked her down. The two men then began to fight. They fell to the ground with the defendant on top of deceased. Defendant then proceeded to stab the deceased with a knife. Cawley died before he reached the hospital. There is no evidence of the deceased being armed with any weapon at the time of the difficulty.

The wife of defendant, who was an eyewitness to the encounter between her husband and father, testified in her husband's behalf. Her version of the difficulty and the events leading up to it were in most material respects in accord with the version related by State witnesses. She testified that just before the fight began she heard her husband tell the deceased not to "snatch him" but she saw no such overt act on the part of her father.

The other evidence for defendant tended to show that the deceased, while much older than defendant, was considerably taller and heavier; that at the time of the difficulty the defendant was suffering from a severe nerve or muscular ailment which was very painful and caused him to limp but did not affect his arms; that shortly after the difficulty defendant's face was bruised and bloody.

The defendant was not sworn as a witness nor did he take the witness stand. However, during the examination of a defense witness as to the relative size of the deceased and defendant, the defendant stood up in the presence of the jury at the request of his counsel.

■ The case was for the jury on the evidence adduced, and the affirmative charges requested in writing were refused without error and the motion for new trial was properly overruled in so far as it was predicated on the weight of the evidence. Pattillo v. State, 245 Ala. 192, 16 So.2d 303; Blue v. State, 246 Ala. 73, 19 So.2d 11.

■ There was no error in permitting the State to show by its own witnesses and by cross-examination of defense witness, Mrs. Alex Stephens, what deceased said to the defendant and what defendant said to the deceased immediately preceding the difficulty. It appears with reasonable certainty that the statements made by the two men at that time were instinctive, voluntary, and spontaneous and were made at a time so near the fatal encounter as to preclude the idea of deliberate design. Such statements tended to show the animus of the parties and to explain their conduct and were properly admitted as part of the res gestae. Wesley v. State, 52 Ala. 182; Fleming v. State, 150 Ala. 19, 43 So. 219; Williams v. State, 147 Ala. 10, 41 So. 992; Ward v. State, 242 Ala. 307, 6 So.2d 394.

■ A physician whose qualifications as a medical expert were admitted by counsel for defendant examined the body of deceased shortly after his death. As to the nature and character of the wounds which he found on the body of deceased this witness stated: "He had a stab wound over his heart about an inch and a half or two

inches in width that looked like was made with some sharp instrument. It went fairly deep into his heart and blood, of course, was coming from his heart, and had several lacerations around on his face and head and some on his shoulders, just scratches." It was not error to permit this witness to testify in substance that the instrument would have had to penetrate the body of the deceased approximately four inches to have produced that character of injury to his heart. Pruitt v. State, 232 Ala. 421, 168 So. 149; Clayton v. State, 185 Ala. 13, 64 So. 76; Smith v. State, 165 Ala. 50, 51 So. 610, 611.

[4, 5] Evidently for the purpose of impeaching Miss Wilkerson, who was a witness for the State, counsel for defendant on cross-examination of another State witness asked the following question: "Didn't you know Mrs. Cawley found that she had sold whiskey and wine?" The trial court correctly sustained the State's objection to the question. Smith v. State, 161 Ala. 94, 49 So. 1029. A mere accusation or suspicion of crime is not admissible as affecting the credibility of a witness even where the crime involves moral turpitude. Horsley v. State, 19 Ala.App. 263, 96 So. 937. The offense of violating prohibition laws does not involve moral turpitude and even a conviction of such offense cannot be shown for impeachment purposes. Grammer v. State, 239 Ala. 633, 196 So. 268.

■ Shortly after his arrest defendant made the following statement to the arresting officers: "I'll declare, I didn't go to do it; I just scratched him." The trial court did not err in permitting the State to make proof of this statement by the defendant, even if considered to be incriminating, a sufficient predicate having been laid previously for its introduction. Ray v. State, 248 Ala. 425, 27 So.2d 872; Tillison v. State, 248 Ala. 199, 27 So.2d 43.

■ Overruling an objection to a question not answered by the witness, or else favorably answered to the objector, is not prejudicial error. Green v. State, 151 Ala. 14, 44 So. 194, 125 Am.St.Rep., 17, 15 Ann.Cas. 81; Cooper et al. v. Slaughter, 175 Ala. 211, 57 So. 477. Nor can a defendant complain of a ruling by the court refusing to permit a witness to answer a question when the court thereafter permitted the same witness to answer substantially the same question. Johnson v. State, 221 Ala. 632, 130 So. 175. These principles dispose of several of the rulings of the trial court adverse to defendant and to which exceptions were noted.

■ The defendant introduced in evidence a knife which the arresting officers testified they found on his person at the time of his arrest. On rebuttal the State called the sheriff of the county and asked him to identify two knives and state whether he took them from defendant while he was confined in jail. To this line of questioning the trial court sustained defendant's objection. Whereupon the solicitor stated: "If he objects, we will withdraw it. The purpose of it is to show there was more than one knife in the possession of the defendant." Appellant insists that reversible error was thereby committed. There was no request made by the defendant that this remark of the solicitor be excluded from the jury's consideration nor was any ruling of the court invoked thereon. We do not think that the remark of the solicitor was so grossly improper and highly prejudicial as that neither retraction nor rebuke by the trial court would have destroyed its sinister influence. No reversible error is made to appear in this connection. James v. State, 246 Ala. 617, 21 So.2d 847.

■ Defendant insists that the trial court erred to a reversal in permitting Robert H. Cawley, a son of deceased, to testify for the State on rebuttal, on the ground that the rule had been invoked and that Cawley had been present in the courtroom during the trial. He had not been subpoenaed or sworn as a witness and at the beginning of the trial was not placed under the rule. It is well established in this jurisdiction that matters of this kind are within the discretion of the trial court. Therefore, the ruling permitting Cawley to testify is not subject to revision. State v. Brookshire, 2 Ala. 303; Montgomery v. State, 40 Ala. 684; McGuff v. State, 88 Ala. 147, 7 So. 35, 16 Am.St.Rep. 25; Riley v. State, 88 Ala. 193, 7 So. 149; Beaird v. State, 219 Ala. 46, 121 So. 38; Lakey v. State, 20 Ala.App. 78, 101 So. 537, certiorari denied, 211 Ala. 615, 101

So. 541; Miller v. State, 21 Ala.App. 261, 107 So. 226.

 Evidence for the State tended to show that the deceased owned only one knife and that at the time of the difficulty it was in the possession of his son, Robert H. Cawley, in another city. A knife was identified as being the one owned by deceased prior to his death. It was admitted in evidence over defendant's objection. We are unable to see how the knife shed any light upon any material inquiry in the case. It did not lend support to the State's contention that the deceased owned only one knife nor did it support the evidence of the State tending to show that at the time of the difficulty the knife was not in the possession of the deceased. However, even though this knife should not have been admitted in evidence, we cannot see how its introduction could have been so prejudicial to the defendant as to work a reversal of the judgment. Husch v. State, 211 Ala. 274, 100 So. 321.

. [13] Counsel for defendant objected to two portions of the argument of the solicitor. As to one, the trial court sustained the objection interposed thereto. This argument was not so highly prejudicial as that any unfavorable influence might not have been destroyed by retraction or rebuke by the trial court. But no corrective action on the part of the court was invoked by the objector. Such course must be followed when the objection to the argument is *sustained* and when the sinister effect of the argument can be eradicated by action of the trial court. American Ry. Express Co. v. Reid, 216 Ala. 479, 113 So. 507. No reversible error appears in this connection.

 But it is not necessary to seek corrective action on the part of the trial court to have this court review the trial court's action in overruling an objection interposed to argument of counsel. American Ry. Express Co. v. Reid, supra; Britling Cafeteria Co. v. Shotts, 230 Ala. 597, 162 So. 378.

Section 305, Title 15, Code 1940, provides as follows:

"On the trial of all indictments, complaints, or other criminal proceedings, the person on trial shall, at his own request, but not otherwise, be a competent witness; and his failure to make such request shall not create any presumption against him, nor be the subject of comment by counsel."

As before shown, the defendant at the request of his counsel stood in the presence of the jury so that a witness might express better an opinion as to the defendant's height. But the defendant did not take the stand nor was he sworn as a witness. In argument to the jury the solicitor stated:

"When the defendant stood up there at the request of his counsel he made a limited witness for himself. He testified, but not in words. He stood mute and silent as a witness to his size, but nothing more. Not one word, gentlemen of the jury, has been produced by the defendant's counsel as to any self-defense on the part of this defendant—not one word. Counsel for the defendant told you that the State had let you go uninformed. I am asking you gentlemen with respect to that plea of self-defense, has the defendant let you go uninformed? I say, gentlemen, that he has stood here mute and silent as to his size."

Defendant insists that the argument above set out is clearly of that type prohibited by § 305, Title 15, supra, when the defendant was not a witness, and that the rulings of the trial court adverse to the defendant in this connection constitute reversible error. The State, of course, recognizes the rule that it is error for counsel engaged in the prosecution of a criminal case, where the defendant has not been a witness at his own request, to include in his argument remarks which call to the attention of the jury the fact that the defendant failed to testify.

But the State insists that reversible error is not made to appear in this connection for the following reasons: (1) That the remarks of the solicitor complained of are not susceptible of the construction that the jury's attention was called to the failure of defendant to become a witness in his own behalf; (2) that if subject to such construction, such remarks were proper, for the defendant by voluntarily exhibiting himself in the jury's presence elected to become a witness in his own behalf, thereby making his silence the subject of legitimate criticism by counsel for the State; (3) that if, how-

ever, such argument is held to have been improperly made, the question is not correctly presented for review by this court.

We cannot agree with the State in its insistence that the remarks of the solicitor did not call to the jury's attention the fact that the defendant had not taken the witness stand. Such remarks could only have suggested to the jury the failure of defendant to take the stand and give evidence tending to show that he killed in self-defense. The remarks of counsel were not on the defendant's physical appearance. We think that the only reasonable deduction that the jury could have gathered from the remarks was that the defendant made a witness of himself by standing in the jury's presence but that he stood mute and silent and said not a word in explanation of his plea of self-defense, and that by remaining silent he was in default in failing to explain his actions at the time of the difficulty. May v. State, 209 Ala. 72, 95 So. 279.

Was the defendant a witness so as to waive the protection afforded by § 305, Title 15, supra? We think not. True, in a sense he gave evidence for himself in that the jury was able to observe his height and other physical characteristics. If he had been compelled to exhibit himself to the jury at the request of the State such action would have constituted a violation of his constitutional right not to be compelled to give evidence against himself. Smith v. State, 247 Ala. 354, 24 So.2d 546, and cases there cited. But it does not follow that because the defendant voluntarily stood up in the presence of the jury he became a witness for himself so as to deprive him of the protection of § 305, Title 15, supra. We think the protection afforded by that section remains with a defendant until he takes the stand as a witness, is sworn to tell the truth, and thereafter testifies in his own behalf.

The State's insistence that reversible error does not appear in connection with the argument, although some of it may have been improperly made, is based on the contention that the excerpt from the solicitor's argument set out in the record contains some correct statements and that since the objection was to the entire excerpt it was not well taken.

It is true that objections to argument of counsel must be specific so as to sufficiently indicate to the trial court the remarks objected to and that when an objection is interposed to several remarks of counsel as a whole and some of the remarks are proper and others improper, the trial court will not be put in error for its action in overruling such objections and motions in connection therewith. Jordan v. State, 225 Ala. 350, 142 So. 655, and cases there cited.

But we do not think that rule applicable here. The excerpt from the solicitor's argument which is set out in the record and which is here under consideration must be considered as a whole and when it is so considered, we think that each statement therein contained relates to the one thought that the defendant had become a witness in his own behalf by standing in the presence of the jury, but that he failed to give any testimony tending to explain the circumstances connected with the difficulty which resulted in the death of his father-in-law. The State asks us to consider each sentence separately and in some instances parts of a sentence are asked to be considered without reference to other parts. But under the particular circumstances here presented, each sentence when considered in connection with the other parts of the statement of the solicitor give support to the conclusion which we have reached that all of this argument related to one theme, that the defendant had not taken the witness stand. While the defendant by standing in the presence of the jury in a sense gave evidence for himself, he did not become a witness. He was not even a "limited witness."

Moreover, the objection interposed by counsel for the defendant specifically pointed out to the trial court that the defendant objected to those portions of the argument set out in the record which related to the fact that the defendant "didn't testify in his own behalf in this case." The statement of the trial court made in connection with his ruling on this point shows that the court understood such to be the basis of

the defendant's objection, but predicated his action on the fact that the defendant had been asked by his counsel to stand up and be observed during the course of the trial.

We are of the opinion that such argument on the part of the solicitor for the State was prejudicial to the defendant and that the trial court's action in regard thereto constitutes reversible error.

For this error, the judgment of conviction must be reversed and the cause remanded.

Reversed and remanded.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.

On Rehearing.

PER CURIAM.

Application overruled.

All the Justices concur.